IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jorge Martinez-Negrete, Cristian Zarate-Gutierrez, Miguel Martinez, Angel Lopez, and Angelica Figueroa, individually and on behalf of other employees similarly situated, Plaintiffs<br>v.<br>JM Mattress, Inc., and Nabil Kouk, individually, Defendants | |

## COMPLAINT

NOW COME the Plaintiffs Jorge Martinez-Negrete, Cristian Zarate-Gutierrez, Miguel Martinez, Angel Lopez, and Angelica Figueroa, individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq*., commonly known as the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq*., commonly known as the Illinois Minimum Wage Law ("IMWL"), and complain against Defendants JM Mattress Inc., ("JM Mattress") and Nabil Kouk ("Kouk"), collectively ("Defendants"), and in support, state:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a workweek.

2. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiffs and other similarly situated Plaintiffs their earned and living wages.

3. Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

4. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

5. This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiffs' claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

**Plaintiffs**

7. Plaintiffs reside, are domiciled, and were employed by Defendants in Cook County, Illinois, which is in this judicial district.

8. During the course of their employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq*.

**Defendants**

9. Defendant JM Mattress is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Based on information and belief, Defendant JM Mattress has annual gross sales of $500,000.00 or more.

11. Defendant JM Mattress was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

12. Defendant Kouk is the owner of JM Mattress and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

13. Defendant Kouk was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

14. Upon information and belief, Defendant Kouk resides and is domiciled in this judicial district.

15. Upon information and belief, a notice of employee rights under the FLSA, with content prescribed by the Wage and Hour Division of the United States Department of Labor, was not posted in a conspicuous area of the workplace as required by the FLSA.

## FACTS

16. Plaintiff Jorge Martinez-Negrete worked for Defendant JM Mattress from on or about 2011 until February 9, 2015.

17. Plaintiff Cristian Zarate-Gutierrez worked for Defendant JM Mattress from on or about February 2011 until August 13, 2014.

18. Plaintiff Miguel Martinez worked for Defendant JM Mattress from on or about 2010 until 2013.

19. Plaintiff Angel Lopez worked for Defendant JM Mattress from on or about September 2010 until October 2012.

20. Plaintiff Angelica Figueroa worked for Defendant JM Mattress from on or about September 2010 until May 2014.

21. Plaintiff Jorge Martinez-Negrete worked for Defendant JM Mattress in production and receiving.

22. Plaintiffs Cristian Zarate-Gutierrez and Miguel Martinez worked for Defendant JM Mattress in the production of mattresses.

23. Plaintiff Angel Lopez worked for Defendant JM Mattress as a cashier and cleaner.

24. Plaintiff Angelica Figueroa worked for Defendant JM Mattress as a seamstress.

25. During the course of their employment, Plaintiffs' work activities engaged them individually in commerce.

26. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce.

27. During the course of their employment, Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in a workweek.

28. Plaintiff Jorge Martinez-Negrete worked for Defendants seven (7) days a week: Mondays to Fridays from 7:00 a.m. to 6:30 p.m., Saturdays from 7:00 a.m. to 5:30 p.m., and Sundays from 7:00 a.m. to 12:00 p.m.

29. Plaintiff Jorge Martinez-Negrete had a forty-five (45) minute break.

30. Plaintiffs Cristian Zarate-Gutierrez, Miguel Martinez, Angel Lopez, and Angelica Figueroa worked for Defendants seven (7) days a week from 7:00 a.m. to 4:30 p.m. They had a one (1) hour break.

31. Plaintiff Jorge Martinez-Negrete was paid $13.00 per hour.

32. Plaintiffs Cristian Zarate-Gutierrez and Angel Lopez were paid $9.00 per hour.

33. Plaintiff Miguel Martinez was paid $11.00 per hour.

34. Plaintiff Angelica Figueroa was paid $10.00 per hour.

35. Plaintiffs did not receive overtime wages at time and a half their regular hourly rate despite working more than forty (40) hours per week.

36. Plaintiffs were paid their regular hourly rate for all time worked in excess of forty (40) hours in a workweek.

37. Plaintiffs were not, and at all relevant times have not been, exempt from the overtime provisions of the FLSA and IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

38. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

39. Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

40. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

41. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

42. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
**Overtime Wages**

43. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

44. This Count arises from Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

45. Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks.

46. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

47. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

48. Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

49. Defendants violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

50. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
CONSUMER LAW GROUP, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com